Cite as 2023 Ark. 114

# SUPREME COURT OF ARKANSAS

IN RE ARKANSAS SUPREME
COURT COMMITTEE ON
CRIMINAL PRACTICE

**Opinion Delivered** June 22, 2023

**PER CURIAM**

In response to developments in modern video- and audio-transmission technology, members of the bench and bar requested that the Supreme Court Committee on Criminal Practice consider the circumstances under which the use of video conferences could be expanded in criminal proceedings. The proposed amendment to Rule 8.7 of the Arkansas Rules of Criminal Procedure, as well as proposed Rule 20.5, concerns the use of video conferences in pretrial proceedings, omnibus hearings, and pretrial conferences.

Additionally, the Supreme Court Committee on Criminal Practice recommended amendments to Rules 8.5 and 9.2 of the Arkansas Rules of Criminal Procedure and Rule 404 of the Arkansas Rules of Evidence.

We express our gratitude to the members of the Criminal Practice Committee for their work. The amendments are set out below in "line-in, line-out fashion"—new material is underlined, and deleted material is lined through.

Today we solicit your comments. Comments should be made in writing on or before August 15, 2023, addressed to Kyle E. Burton, Clerk of the Arkansas Supreme Court and

Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, Arkansas 72201, or by email:

rulescomments@arcourts.gov

**Rule 8.5. Pretrial release inquiry: when conducted; nature of.**

(a) A pretrial release inquiry shall be conducted by the judicial officer prior to or at the first appearance of the defendant.

(b) The inquiry should take the form of an assessment of factors relevant to the pretrial release decision, such as:

>(i) the defendant's employment status, history and financial condition;

>(ii) the nature and extent of his family relationships;

>(iii) his past and present residence;

>(iv) his character and reputation;

>(v) persons who agree to assist him in attending court at the proper times;

>(vi) the nature of the current charge and any mitigating or aggravating factors that may bear on the likelihood of conviction and the possible penalty;

>(vii) the defendant's prior criminal record, including history of violence, if any, and, if he previously has been released pending trial, whether he appeared as required;

>(viii) any facts indicating the possibility of violations of law if the defendant is released without restrictions, including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

>(ix) any other facts tending to indicate that the defendant has strong ties to the community and is not likely to flee the jurisdiction.

(c) The prosecuting attorney should make recommendations to the judicial officer concerning:

>(i) the advisability and appropriateness of pretrial release;

>(ii) the amount and type of bail bond;

>(iii) the conditions, if any, which should be imposed on the defendant's release.

**Rule 8.7. Use of video conferences in pretrial proceedings.**

(a) ~~If the defendant is confined in a jail, prison, or other detention facility, a first appearance as provided in Rules 8.1 and 8.3 or a pretrial release inquiry as provided in Rule 8.4~~ <u>The following proceedings</u> may be conducted by video conference as provided in this rule~~.~~<u>:</u>

> <u>(1) First appearance as provided in Rules 8.1 and 8.3, or a pretrial release inquiry as provided in Rules 8.4 and 8.5;</u> and

> <u>(2) Arraignments of defendants and other pretrial motions, hearings, or other nonadversarial matters.</u>

<u>(b) Upon</u> ~~the~~ <u>motion, express waiver by the defendant, agreement of all parties, and approval of the court, any adversarial or contested hearing may be held by video conference.</u>

~~(b)~~ <u>(c)</u> Any video conferencing system used under this rule must meet all the following requirements:

> (1) All participants in the proceeding must be able to see, hear, and communicate with each other simultaneously during the proceeding.

> (2) All participants in the proceeding must be able to see and hear any witnesses who may testify in the proceeding.

> (3) All participants in the proceeding must be able to see, hear, and otherwise observe any physical evidence or exhibits presented during the proceeding, either by video ~~facsimile,~~ or other method.

> (4) The video quality of the video conferencing system must be adequate to allow the participants to observe each other's demeanor and nonverbal expressions as well as the demeanor and nonverbal expressions of any witnesses who testify in the proceeding.

> (5) If the defendant is represented by an attorney, the attorney shall, upon request, be provided with the opportunity for confidential communication with the defendant.

> <u>(6) All video conferences must be on record.</u>

~~(c)~~ <u>(d)</u> As used in this rule, the "participants in the proceeding" mean the judicial officer conducting the proceeding, the prosecuting ~~or deputy prosecuting~~ attorney, the defendant, and ~~, if the defendant is represented by an attorney, the~~ <u>his or her</u> attorney.

~~(d)~~ <u>(e)</u> An attorney representing a defendant during a video conference may elect to be present either in the courtroom with the presiding judicial officer or in the place where the defendant is confined. With the approval of the court, an attorney may represent a defendant during a video conference from a location other than the courtroom or the place of detention.

**Rule 9.2. Release on money bail.**

(a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court.

(b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following:

> (i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;

> (ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or

> (iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties.

(c) In setting the amount of bail the judicial officer should take into account all facts relevant to the risk of willful nonappearance including:

> (i) the length and character of the defendant's residence in the community;

> (ii) his employment status, history and financial condition;

> (iii) his family ties and relationship;

> (iv) his reputation, character and mental condition;

> (v) his past history of response to legal process;

> (vi) his prior criminal record, including history of violence, if any;

> (vii) the identity of responsible members of the community who vouch for the defendant's reliability;

> (viii) the nature of the current charge, the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of nonappearance, including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

> (ix) any other factors indicating the defendant's roots in the community.

4

(d) Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.

(e) An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon remand. If the defendant is required to appear before a court other than the one ordering release, the order of release together with the appearance bond and any security or deposit shall be transmitted to the court before which the defendant is required to appear. This subsection shall not be construed to prevent a judicial officer from:

> (i) decreasing the amount of bond, security or deposit required by another judicial officer; or

> (ii) upon making written findings that factors exist increasing the risk of willful nonappearance, increasing the amount of bond, security, or deposit required by another judicial officer.

Upon an increase in the amount of bond or security, a surety may surrender a defendant.

**Proposed Rule 20.5 – Use of video conferences in omnibus hearings and pretrial conference proceedings.**

(a) The following proceedings may be conducted by video conference as provided in this rule:

> (1) Omnibus hearings as provided in Rules 20.2 and 20.3; and

> (2) Pretrial conferences as provided in Rule 20.4.

(b) Upon ~~the written~~ motion, ~~and~~ express waiver by the defendant, agreement of all parties, and approval of the court, any adversarial or contested hearing may be held by video conference.

(c) Any video conferencing system used under this rule must meet all the following requirements:

> (1) All participants in the proceeding must be able to see, hear, and communicate with each other simultaneously during the proceeding.

> (2) All participants in the proceeding must be able to see and hear any witnesses who may testify in the proceeding.

> (3) All participants in the proceeding must be able to see, hear, and otherwise observe any physical evidence or exhibits presented during the proceeding, either by video or other method.

(4) The video quality of the video conferencing system must be adequate to allow the participants to observe each other's demeanor and nonverbal expressions as well as the demeanor and nonverbal expressions of any witnesses who testify in the proceeding.

(5) If the defendant is represented by an attorney, the attorney shall, upon request, be provided with the opportunity for confidential communication with the defendant.

(6) All video conferences must be on record.

(d) As used in this rule, the "participants in the proceeding" mean the judicial officer conducting the proceeding, the prosecuting attorney, the defendant, and his or her attorney.

(e) An attorney representing a defendant during a video conference may elect to be present either in the courtroom with the presiding judicial officer or in the place where the defendant is confined. With the approval of the court, an attorney may represent a defendant during a video conference from a location other than the courtroom or the place of detention.

## Rule 404. Character evidence not admissible to prove conduct, exceptions -- other crimes.

(a) *Character Evidence Generally*. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused*. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of victim*. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

(3) *Character of witness*. Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

(b) *Other Crimes, Wrongs, or Acts*. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(1) *Notice in a Criminal Case*. In a criminal case, the proponent must in writing:

(A) provide reasonable notice of any such evidence that the proponent intends to offer at trial, so that the respondent has a fair opportunity to meet it; and

(B) articulate in the notice the permitted purpose for which the proponent intends to offer the evidence and the reasoning that supports the purpose.

**Reporter's Note:**

The addition of subdivision (b)(1) was made in response to the revisions made to Rule 404 of the Federal Rules of Evidence, which was effective December 1, 2020.