Cite as 2023 Ark. 168

# SUPREME COURT OF ARKANSAS

|  |  |
| --- | --- |
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CRIMINAL PRACTICE – ADOPTION OF REVISED RULES 8.5 AND 9.2 OF THE ARKANSAS RULES OF CRIMINAL PROCEDURE | **Opinion Delivered:** November 16, 2023 |

## PER CURIAM

The Arkansas Supreme Court Committee on Criminal Practice recommended amendments to Arkansas Rules of Criminal Procedure 8.5 and 9.2. The proposed amendments were published for comment on June 22, 2023. *See In re Ark. Sup. Ct. Comm. on Crim. Prac.*, 2023 Ark. 114 (per curiam).

Today, we adopt the amendments to and republish Rules 8.5 and 9.2, as set out below in full as well as in "line-in, line-out" fashion (deleted material is lined through; new material is underlined). The amendments are effective January 1, 2024.

We thank the members of the Criminal Practice Committee for their work on this project.

## Arkansas Rules of Criminal Procedure

## Rule 8.5. Pretrial release inquiry: when conducted; nature of.

(a) A pretrial release inquiry shall be conducted by the judicial officer prior to or at the first appearance of the defendant.

(b) The inquiry should take the form of an assessment of factors relevant to the pretrial release decision, such as:

(i) the defendant's employment status, history and financial condition;

(ii)  the nature and extent of his family relationships;

(iii) his past and present residence;

(iv) his character and reputation;

(v) persons who agree to assist him in attending court at the proper times;

(vi) the nature of the current charge and any mitigating or aggravating factors that may bear on the likelihood of conviction and the possible penalty;

(vii) the defendant's prior criminal record, including history of violence, if any, and, if he previously has been released pending trial, whether he appeared as required;

(viii) any facts indicating the possibility of violations of law if the defendant is released without restrictions, including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

(ix) any other facts tending to indicate that the defendant has strong ties to the community and is not likely to flee the jurisdiction.

(c) The prosecuting attorney should make recommendations to the judicial officer concerning:

(i) the advisability and appropriateness of pretrial release;

(ii) the amount and type of bail bond;

(iii) the conditions, if any, which should be imposed on the defendant's release.

## Rule 9.2. Release on money bail.

(a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court.

(b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following:

(i)  the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;

(ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or

(iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties.

(c) In setting the amount of bail the judicial officer should take into account all facts relevant to the risk of willful nonappearance including:

(i) the length and character of the defendant's residence in the community;

(ii) his employment status, history and financial condition;

(iii) his family ties and relationship;

(iv) his reputation, character and mental condition;

(v) his past history of response to legal process;

(vi) his prior criminal record, including history of violence, if any;

(vii) the identity of responsible members of the community who vouch for the defendant's reliability;

(viii) the nature of the current charge, the apparent probability of conviction and the likely sentence, in so far as these factors are relevant to the risk of nonappearance, including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

(ix) any other factors indicating the defendant's roots in the community.

(d) Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.

(e) An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon

remand. If the defendant is required to appear before a court other than the one ordering release, the order of release together with the appearance bond and any security or deposit shall be transmitted to the court before which the defendant is required to appear. This subsection shall not be construed to prevent a judicial officer from:

> (i) decreasing the amount of bond, security or deposit required by another judicial officer; or

> (ii) upon making written findings that factors exist increasing the risk of willful nonappearance, increasing the amount of bond, security, or deposit required by another judicial officer.

Upon an increase in the amount of bond or security, a surety may surrender a defendant.

## Rule 8.5. Pretrial release inquiry: when conducted; nature of.

(a) A pretrial release inquiry shall be conducted by the judicial officer prior to or at the first appearance of the defendant.

(b) The inquiry should take the form of an assessment of factors relevant to the pretrial release decision, such as:

(i) the defendant's employment status, history and financial condition;

(ii) the nature and extent of his family relationships;

(iii) his past and present residence;

(iv) his character and reputation;

(v) persons who agree to assist him in attending court at the proper times;

(vi) the nature of the current charge and any mitigating or aggravating factors that may bear on the likelihood of conviction and the possible penalty;

(vii) the defendant's prior criminal record, including history of violence, if any, and, if he previously has been released pending trial, whether he appeared as required;

(viii) any facts indicating the possibility of violations of law if the defendant is released without restrictions; including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

(ix) any other facts tending to indicate that the defendant has strong ties to the community and is not likely to flee the jurisdiction.

(c) The prosecuting attorney should make recommendations to the judicial officer concerning:

(i) the advisability and appropriateness of pretrial release;

(ii) the amount and type of bail bond;

(iii) the conditions, if any, which should be imposed on the defendant's release.

**Rule 9.2. Release on money bail.**

(a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court.

(b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following:

(i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;

(ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or

(iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties.

(c) In setting the amount of bail the judicial officer should take into account all facts relevant to the risk of willful nonappearance including:

(i) the length and character of the defendant's residence in the community;

(ii) his employment status, history and financial condition;

(iii) his family ties and relationship;

(iv) his reputation, character and mental condition;

(v) his past history of response to legal process;

(vi) his prior criminal record, including history of violence, if any;

(vii) the identity of responsible members of the community who vouch for the defendant's reliability;

(viii) the nature of the current charge, the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of nonappearance;.

5

including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

(ix) any other factors indicating the defendant's roots in the community.

(d) Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.

(e) An appearance bond and any security deposit required as a condition of release pursuant to subsection (b) of this rule shall serve to guarantee all subsequent appearances of a defendant on the same charge or on other charges arising out of the same conduct before any court, including appearances relating to appeals and upon remand. If the defendant is required to appear before a court other than the one ordering release, the order of release together with the appearance bond and any security or deposit shall be transmitted to the court before which the defendant is required to appear. This subsection shall not be construed to prevent a judicial officer from:

(i) decreasing the amount of bond, security or deposit required by another judicial officer; or

(ii) upon making written findings that factors exist increasing the risk of willful nonappearance, increasing the amount of bond, security, or deposit required by another judicial officer.

Upon an increase in the amount of bond or security, a surety may surrender a defendant.